Eleuterio
**BENITEZ–MENDEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 82–7096.

United States Court of Appeals,
Ninth Circuit.

Nov. 28, 1984.

Richard Evans, Dept. of Justice, Washington, D.C., for respondent.

Paul D. Edmondson, Yakima, Wash., for petitioner.

PETITION FOR REHEARING FILED
JULY 29, 1983

(Opinion June 10, 1983, 9 Cir., 1983,
707 F.2d 1107)

Before BROWNING, Chief Judge,
FLETCHER and PREGERSON, Circuit
Judges.

ORDER

We grant the INS's petition for rehearing and modify our opinion, *Benitez-Mendez v. INS,* 707 F.2d 1107, slip op. at 2697 (9th Cir.1983), as follows:

Slip op. at 2698, second column, 707 F.2d at 1108 second column:

Delete "; *see ILGWU v. Sureck,* 681 F.2d 624, 631 (9th Cir.1982), *cert. granted sub. nom. INS v. Delgado,* 461 U.S. 904, 103 S.Ct. 1872, 76 L.Ed.2d 805, 497 (U.S. 1983)" so that cite simply reads "*Id.* at 939 (*quoting United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (opinion of Stewart, J.)."

Insert "*ILGWU v. Sureck,* 681 F.2d 624, 638 (9th Cir.1982), *rev'd on other grounds sub nom. INS v. Delgado,* —— U.S. ——, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984)." after "When the stop in question rises to the level of a "seizure" under the Fourth Amendment, we have formulated a constitutional standard applicable to detentive questioning of suspected illegal alien workers."

Insert the call to the following footnote # 1 after "681 F.2d at 638.":

[1] Because the Supreme Court held that no seizure had occurred in *Delgado* (*Sureck* below), it did not review our formulation of the constitutional standard applicable when a seizure has in fact occurred. 104 S.Ct. at 1764.

The facts of the instant case, distinguishable from those in *Delgado,* establish that the INS agents' conduct did constitute a seizure. In *Delgado,* "the INS agents' conduct ... consisted simply of questioning employees and arresting those they had probable cause to believe were unlawfully present in the factory." *Id.* Here, in addition to questioning Benitez-Mendez about his immigration status, the Border Patrol officer placed him in a Border Patrol vehicle before the officer had reasonable suspicion, let alone probable cause, to believe that Benitez-Mendez was illegally in the country. Such conduct amounts to a seizure under *Anderson* and warrants application of the *Sureck* "articulable facts/reasonable suspicion" test.

Slip op. at 2699, second column, 707 F.2d at 1109, first column:

Insert the call for the following footnote # 2 after " 'he had a person there who claimed to be legal status; however, his papers was [sic] in his vehicle.' ":

[2] Petitioner had not yet violated 8 U.S.C. § 1304(e), requiring an alien to "at all times carry with him and have in his personal possession any certificate of alien registration or alien registration receipt card issued to him ...." Since petitioner stated that his papers were in his car, parked adjacent to the field, the officers should have afforded him the opportunity to produce the papers. Under the circumstances the papers were constructively in petitioner's personal

possession. It was reasonable for petitioner to leave the papers in his car while he engaged in heavy agricultural labor. Only if the petitioner refused to produce the papers, or was unable to produce valid papers, would he have committed a misdemeanor under § 1304(e), giving the INS officers probable cause to arrest him.

Delete the paragraph at headnote # 4 beginning with "Because petitioner's arrest violated the Fourth Amendment ..." and substitute the following:

"We granted rehearing in light of the Supreme Court's decision in *INS v. Lopez-Mendoza,* — U.S. ——, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984), that the exclusionary rule does not apply in civil deportation proceedings. Accordingly, even though we have found that petitioner's arrest violated the Fourth Amendment, the information obtained as the result of the arrest (petitioner's statements on Form I–213) was admissible at his deportation hearing.

On the basis of this evidence, we affirm the immigration judge's order of deportation. To enable petitioner to seek any available alternative forms of relief and to move for a stay of deportation, our mandate shall issue forty-five days from the date of entry of this judgment. We also reinstate the immigration judge's grant of 30 days voluntary departure time, to commence on the effective date of any order of deportation issued against petitioner."